```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

```
DONNA L. GAMBINO,              :
     Plaintiff
                               :

     vs.                       :   CIVIL NO. 1:CV-05—0701

JO ANNE B. BARNHART,           :     (Judge Caldwell)
Commissioner of Social Security,
     Defendant                 :   (Magistrate Judge Mannion)
```

*M E M O R A N D U M*

I.   *Introduction*.

This is an appeal under 42 U.S.C. § 405(g) seeking review of the decision of the defendant, Jo Anne B. Barnhart, the Commissioner of Social Security, denying an application by plaintiff, Donna L. Gambino, for disability benefits under the Social Security Act, *see* 42 U.S.C. § 423, after a hearing before an administrative law judge (ALJ). Plaintiff claims to be disabled from hepatitis C which has brought on depression and severe fatigue. The Appeals Council refused to review the ALJ's decision, so his decision represents the decision of the Commissioner.

The matter was referred to the magistrate judge, who has filed a report accompanied by a recommendation that the appeal be denied. We are considering Plaintiff's objections to the report, which incorporate the arguments she made in her brief on appeal. Basically, Plaintiff argues that the ALJ committed the following errors. First, the ALJ's finding that Plaintiff retained the

residual functional capacity for light exertional work (when accompanied by a sit or stand option and performance of only simple routine tasks) was not supported by substantial evidence. Second, the ALJ failed to obtain a work-related activities form filled out by a consulting physician, Dr. Dewar, in violation of 20 C.F.R. § 404.1519p(b). Third, the ALJ failed to properly evaluate Plaintiff's subjective complaints of disabling fatigue.

We find merit in these arguments and will remand for a fuller explanation from the ALJ.

II.   *Background*.

On December 12, 2001, Plaintiff filed her disability application, alleging disability from March 2, 2001. The hepatitis C has caused stage II to III fibrosis (scarring) of her liver. Plaintiff, fifty-one years old at the time of the hearing, basically testified that the disease causes so much fatigue that she is incapable of doing anything and sleeps eighteen to nineteen hours a day. (Doc. 7, record at pp. 326, 329).

After the hearing, the ALJ determined that Plaintiff had the following severe impairments: hepatitis C, cirrhosis and depression. In pertinent part, the ALJ found that Plaintiff retained "the residual functional capacity for light exertional work with a sit or stand option and only simple routine tasks." (*Id.*, p. 24). In so finding, the ALJ noted that state agency consultants found that Plaintiff could do medium exertional work

(*id.*, p. 36), but that they "did not have the opportunity to listen to the sworn testimony of the claimant or to observe the claimant's demeanor." (*Id.*, p. 24). The ALJ also stated:

> Significant weight was given to progress notes from the claimant's treating physician. Objective physical examinations were largely normal with some liver tenderness. The doctor reported that the claimant complained of chronic pain, which had been evaluated without any obvious etiology. She attributed this to her liver condition. She was taking oxycodone and said that this controlled the pain. She complained of extreme pain for a while and was diagnosed with chronic pain syndrome, due to cirrhosis, but now she takes no medication for this, bringing into question the credibility of her complaints. After evaluation by a gastroenterologist, she has declined any kind of interferon gamma globulin therapy for her hepatitis. She had no hepatomegaly and her stomach exam was actually completely normal. (Exhibit 7F, 12F).

(*Id.*, p. 25).

On Plaintiff's subjective complaints of fatigue, the ALJ concluded:

> Having reviewed the record in its entirety, the Administrative Law Judge concludes that the claimant has underlying medically determinable impairments that could reasonably be expected to result in some of the symptoms as alleged. The Administrative Law Judge has reservations, however, as to whether the claimant's assertions concerning her impairments, and their impact on her condition, can be considered fully credible. The record fails to provide any objective medical evidence that the claimant's impairments are as severe as her hearing testimony indicates. The record fails to show the claimant requiring emergency treatment, hospitalization, no significant active treatment or significant office care other than for routine maintenance and counseling,

3

>   and there have been no significant increases
>   or changes in prescribed medications
>   reflective of an uncontrolled condition. The
>   undersigned found the claimant's limitations
>   to be exaggerated in comparison to the
>   objective medical evidence. Her medication
>   and course of treatment do not support her
>   alleged level of limitation. Her testimony
>   was inconsistent, unpersuasive, and not
>   forthcoming. It was in conflict with other
>   testimony, evidence, illogical, and
>   unsupportive of her alleged limitations.

(*Id.*, p. 25).

The ALJ next decided that Plaintiff could not return to her past relevant work as a caregiver for hospice patients or as a caseworker. He did conclude that, based on her residual functional capacity, she was "capable of performing a significant range of light work as defined in 20 C.F.R. § 404. 1567," (*id.*, p. 26) and then quoted that regulatory section:

>   (b) Light work. Light work involves lifting
>   no more than 20 pounds at a time with frequent
>   lifting or carrying of objects weighing up to
>   10 pounds. Even though the weight lifted may
>   be very little, a job is in this category when
>   it requires a good deal of walking or
>   standing, or when it involves sitting most of
>   the time with some pushing and pulling of arm
>   or leg controls. To be considered capable of
>   performing a full or wide range of light work,
>   you must have the ability to do substantially
>   all of these activities. If someone can do
>   light work, we determine that . . . she can
>   also do sedentary work, unless there are
>   additional limiting factors such as loss of
>   fine dexterity or inability to sit for long
>   periods of time.

20 C.F.R. § 404.1567(b).

However, the ALJ found that Plaintiff's "ability to perform all or substantially all of the requirements of light work [was] impeded

4

by additional exertional and/or non-exertional limitations." (*Id.*, p. 26). When asking the vocational expert about the jobs Plaintiff could do, in addition to the assumption about being able to do light work, the ALJ added to the hypothetical that Plaintiff needed the option of sitting or standing and because of her depression, could only do "simple, routine unskilled type of work." (*Id.*, p. 332). The vocational expert stated that under those assumptions, Plaintiff could be an assembler, packager or inspector. (*Id.*). Accepting the assumptions as true, the ALJ thus found Plaintiff was not disabled.[1]

III. *Standard of Review*.

We must uphold the Commissioner's decision if substantial evidence supports her conclusion that the Plaintiff is not disabled. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993)(citing 42 U.S.C. § 405(g)). Generally, substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mason*, 994 F.2d at 1064 (internal quotation marks and quoted cases omitted). It is "more than a mere scintilla," *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001)(quoted case omitted), but can be "less than a preponderance." *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002)(quoted case omitted).

---

[1] In an alternative hypothetical that assumed Plaintiff's stated limitations were true, the vocational expert said there were no jobs Plaintiff could perform. (*Id.*, p. 333).

5

It follows "that we are not permitted to weigh the evidence or substitute our own conclusions for that of the fact-finder." *Id.* Put another way, we cannot reverse the Commissioner's decision simply because we might "have decided the factual inquiry differently." *Fargnoli, supra,* 247 F.3d at 38.

Further, "allegations of pain and other subjective symptoms must be consistent with objective medical evidence," *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 122 (3d Cir. 2000), but "the ALJ must still explain why he rejected certain non-medical testimony." *Id.* (citing *Hartranft v. Apfel,* 181 F.3d 358 (3d Cir. 1999)).

IV.   *Discussion*.

Plaintiff first argues that the ALJ erred in finding that Plaintiff retained the residual functional capacity for light exertional work because it was not supported by substantial evidence. We agree. There was evidence that Plaintiff could perform medium exertional work, but the ALJ rejected this, and there was no other evidence to support a finding of Plaintiff's ability to do light exertional work. The "ALJ cannot make speculative conclusions without any supporting evidence." *Burnett, supra*, 220 F.3d at 125. The ALJ cannot give a claimant "the benefit of the doubt," as Defendant argues, and simply decide to reduce her exertional abilities from medium to light. As noted above, light work has its own requirements: lifting no more than

6

20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  There has to be evidence to support it.  Thus, on remand, the Commissioner should develop a record on Plaintiff's exertional limitations.

Second, Plaintiff argues the ALJ failed to obtain a work-related activities form filled out by a consulting physician, Dr. Dewar, in violation of 20 C.F.R. § 404.1519p(b).  It does appear that Dr. Dewar did fill out this form but that it was not attached to his report.  On remand, the Commissioner should try to obtain this form, as required by section 404.1519p(b).

Third, Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's subjective complaints of disabling fatigue.  We agree with this argument as well.

The ALJ prefaced his analysis of Plaintiff's credibility with two erroneous factual findings, with at least one of the findings expressly coloring his assessment of her credibility.  First, he noted that "[s]he complained of extreme pain for a while and was diagnosed with chronic pain syndrome, due to cirrhosis, but now she takes no medication for this, bringing into question the credibility of her complaints."  (Doc. 7, p. 25).  However, Plaintiff is still taking medication for her pain; she testified at the hearing that she was still on the duragesic patch.  (*Id.*, p. 318).  Second, he noted that: "After evaluation by a gastroenterologist, she has declined any kind of interferon gamma globulin therapy for her hepatitis."  However, she did so because

the doctors advised her she was not a candidate for interferon treatment, given her "classification." (*Id.*, p. 322). Dr. Dewar had also opined that "interferon [would] not be particularly effective." (*Id.*, p. 190).

On his direct rejection of Plaintiff's credibility, the ALJ stated:

> The record fails to provide any objective medical evidence that the claimant's impairments are as severe as her hearing testimony indicates. The record fails to show the claimant requiring emergency treatment, hospitalization, no significant active treatment or significant office care other than for routine maintenance and counseling, and there have been no significant increases or changes in prescribed medications reflective of an uncontrolled condition.

(*Id.*, p. 25). The first statement is not explanatory; Plaintiff's treating physicians did note that fatigue is a consequence of hepatitis C, (i*d.*, p. 209), so there is objective medical evidence supporting the subjective complaints. And while the remainder of the observations may be true, they are certainly not conclusive for what is a chronic condition, one for which Plaintiff was supposedly advised she should decline treatment. That leaves the following observations: "Her testimony was inconsistent, unpersuasive, and not forthcoming. It was in conflict with other testimony, evidence, illogical, and unsupportive of her alleged limitations." (*Id.*).

These conclusional observations have not been supported by specific evidence, and on remand the ALJ must explain why they

support his rejection of Plaintiff's subjective complaints about her symptoms with specific reference to the relevant evidence. *See Burnett, supra*, 220 F.3d at 122; *Telesha v. Barnhart*, 2003 WL 22161584 at *7-8 (M.D. Pa.).

        We will issue an appropriate order.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge

Date: June 27, 2006

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

DONNA L. GAMBINO,                :
     Plaintiff
                                    :

     vs.                          :   CIVIL NO. 1:CV-05—0701

JO ANNE B. BARNHART,             :      (Judge Caldwell)
Commissioner of Social Security,
     Defendant             :    (Magistrate Judge Mannion)


*O R D E R*

        AND NOW, this 27th day of June, 2006, it is ordered that:

        1.   Plaintiff's objections (doc. 14) to the magistrate judge's report are granted, and the report (doc. 13) is not accepted.

        2.   Plaintiff's appeal of the Defendant's decision to deny her disability benefits is granted.

        3.   This matter is remanded to the Commissioner for proceedings in accordance with the accompanying memorandum.

        4.   The Clerk of Court shall close this file.

                                  /s/William W. Caldwell
                                 William W. Caldwell
                                 United States District Judge